UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61156-CIV-DAMIAN

KAREN MASSIEL LOZANO-GALEANO,

       Petitioner,

v.

JUAN GONZALEZ, *et al.*,

       Respondents.

_____/

### ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on Petitioner, Karen Massiel Lozano-Galeano's ("Petitioner"), Petition for Writ of Habeas Corpus [ECF No. 1] (the "Petition"), filed on April 20, 2026. On April 22, 2026, this Court entered an Order to Show Cause [ECF No. 3]. On April 30, 2026, Respondents filed a Response to Order to Show Cause [ECF No. 5 ("Response")]. Petitioner has not filed a reply.

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.  BACKGROUND

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her continued immigration detention. *See* Pet. Petitioner seeks release from custody or, alternatively, an individualized bond hearing before an immigration judge. *Id.* at 10-11.

Petitioner is a native and citizen of Nicaragua who entered the United States without inspection on May 11, 2019. Pet. ¶¶ 2, 4. On May 15, 2019, she was issued a Notice to Appear ("NTA") by immigration officials, commencing removal proceedings under section 240 of

the Immigration and Nationality Act ("INA"). She was released on her own recognizance. *See* Resp. at 2. On January 17, 2025, the Immigration Judge dismissed Petitioner's removal proceedings. *Id.* On April 13, 2026, Petitioner was encountered during a vehicle stop and was arrested and taken into ICE custody. *Id.* On April 16, 2026, DHS filed a new NTA, which identifies Petitioner as "an alien present in the United States who has not been admitted or paroled." *See* ECF No. 5-5. Petitioner has been detained in immigration custody since her arrest.

The record shows that Petitioner has a pending asylum application and valid employment authorization, and she has not committed any crimes in the United States, with the exception of a traffic infraction.

In the Petition, Petitioner argues that her continued detention violates the Due Process Clause and the INA because she is being detained under the incorrect statutory authority. Respondents argue that she is properly detained under the mandatory detention provisions of § 1225(b)(2). The Petition is ripe for adjudication.

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[1] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.).

More recently, the Eleventh Circuit held that noncitizens who entered the United States without inspection but were later apprehended in the interior of the country are not categorically subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *5-11 (11th Cir. May 6, 2026). In concluding that such individuals are generally detained pursuant to 8 U.S.C. § 1226(a), the court explained that § 1225(b)(2)(A) applies only to noncitizens who are "seeking admission," meaning those actively pursuing lawful entry after inspection and authorization by an immigration officer. *Id*. The court reasoned that mere physical presence in the United States without prior admission does not itself render a noncitizen "seeking admission" within the meaning of the statute. *Id*. Accordingly, the court affirmed the grant of

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

habeas relief and held that in that case the petitioners were entitled to individualized bond hearings under § 1226(a). *Id.* Thus, in light of the fact that the Petitioner is similarly situated with the petitioners in *Hernandez Alvarez*, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have

4

found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9-10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED** to the extent that Petitioner requests this Court to direct the Immigration Court to give her a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **June 4, 2026**. It is further

**ORDERED** that on or before **June 11, 2026**, the Parties shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and

must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

ORDERED that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 26th day of May, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**